■ DOMINICK AUSANIO, Petitioner, v BOARD OF POLICE COMMISSIONERS OF THE CITY OF KINGSTON, Respondent. (Proceeding No. 1.) PAUL M. WATZKA, Petitioner, v BOARD OF POLICE COMMISSIONERS OF THE CITY OF KINGSTON, Respondent. (Proceeding No. 2.)—Proceedings pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review determinations of the Board of Police Commissioners of the City of Kingston which imposed a punishment of suspension without pay for about two weeks upon each of the petitioners. The proceedings have been consolidated for purposes of review by this court. The respondents found the petitioners, policemen, each guilty of violating various rules and regulations of the Kingston Police Department in that they failed to obey a lawful order; failed to perform a duty in disobedience of an order; were guilty of inattention to a duty; and lastly, the intentional falsification of a report, written or oral. On December 24, 1973 the petitioners were on duty together in a patrol car and were assigned to direct traffic at certain church services starting at 10:15 P.M. The petitioners did not direct traffic thereat on the evening in question and the alleged violations herein all relate to that failure and the written reports they filed for the evening in question. The petitioners were served with charges in May of 1974 which set forth various factual allegations and at the end thereof stated that the charges constituted the violation of various rules. The specification of charges does not relate the rules to the various allegations of facts. The second and third paragraphs of the charges assert that the petitioners were assigned to the church traffic duty and did not report to the duty station at the assigned time of 10:15 P.M. The record contains substantial evidence to support these two allegations. The fourth and fifth paragraphs of the charges recite what the petitioners reported in two supplemental written reports and then in the sixth paragraph specifies that the reports are untrue as to permission for a deviation from an original assignment and as to headquarters having been notified of a specific stop they made. The sixth paragraph also notes that the report does not give an explanation for the failure to be at the church at 10:15 P.M.; but obviously that cannot be a specification of the untruthfulness of the supplemented reports filed and conceivably could only relate to the failure to be at the church at 10:15 P.M. The record established that, as of about 9:50 P.M., the petitioners had received permission from the police dispatcher to leave their particular patrol area. The respondents accordingly stipulated that so much of the specification as charged petitioners left their area without permission was dropped. The only such charge was in paragraph 6 which referred to untruthful reports. Furthermore, the respondents stipulated that so much of paragraph 6 of the charges as related to untruthfulness in reporting to headquarters that they had stopped at a certain house at about 10:22 P.M. would be withdrawn. As a result, there was no longer any charge of untruthfulness left in the specification as to written reports. The record contains the written reports of the officers and while these are somewhat contradictory of each other, there was no such specification in regard thereto in the charges and the record contains no substantial evidence to support a finding of intentionally filing false reports, written or oral. The remaining charges as found substantiated by the respondents relate to the officers' failure to assume traffic duty at 10:15 P.M. In this regard, the record discloses that the officers were assigned to a call at Rondout Gardens at about 10:00 P.M. They performed duties at Rondout Gardens from about

10:00 P.M. until sometime between 10:12 and 10:18. Both petitioners testified that after leaving Rondout Gardens they stopped at the church; saw that services were scheduled for 11:00 P.M.; observed no traffic of consequence; they interpreted the 10:15 duty order in conjunction with an earlier order to be there at 10:30 to mean that they could leave for the purpose of obtaining a sandwich as they had intended to do before the Rondout Garden call interrupted them; and that they were assigned at 10:22–10:25 to another address by the desk with the result they never did direct traffic as assigned. The respondents were not required to report to headquarters when they had completed assignments and, accordingly, the officers' recitations as to times and places are not subject to independent verification except as to whenever headquarters initiated contacts. Upon the present record the petitioners could not be faulted for a failure to report at precisely 10:15 P.M. to the church because it appears they were given superseding assignments which interfered with such promptness. However, it is established that the officers took it upon themselves to interpret the 10:15 order as not being explicit but merely discretionary. The record contains no evidence that their superior officer intended for them to merely check the area and return at 10:30 if they were not needed there when they checked. The record establishes that, at most, the officers would have remained on duty at the church for a matter of some 7–10 minutes because of other assignments made to them commencing at about 10:22 P.M. However, that is fortuitous and the fact remains that they did not carry out an order. The findings of the respondents that the petitioners failed to obey a lawful order, failed to perform an ordered duty, and were inattentive to duty are supported by substantial evidence. It does not appear that the additional charge of false reports would have affected the minimal discipline imposed and, accordingly, it does not appear that there is any necessity to remit the matter for further consideration of punishment. Determinations confirmed, without costs, and petitions dismissed. Herlihy, P. J., Greenblott, Sweeney, Kane and Reynolds, JJ., concur.